IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:25-CR-0092 |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| JAMEL TOWNSEND, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

On March 28, 2025, Defendant Jamel Townsend filed objections to his order of detention, ECF 6, and moved to set bond, ECF 14. The Government filed an opposition on March 28, 2025. ECF 16. Because Townsend presents a significant danger to the community, Magistrate Judge Greenberg's detention order is **AFFIRMED**, and Townsend's motion to set bond is **DENIED**.

I.      BACKGROUND

On February 4, 2025, Townsend was charged with one count of Possession with Intent to Distribute Fentanyl and one count of Possession with Intent to Distribute Cocaine. ECF 1. At his initial appearance, Townsend requested a preliminary and detention hearing, which Magistrate Judge Greenberg conducted.

Magistrate Judge Greenberg issued an order of detention on February 11, 2025. ECF 6. He concluded Townsend's alleged offenses triggered the presumption of detention, and that Townsend had not rebutted that presumption. He further found that there was a serious risk that Townsend would endanger the safety of the community if granted bond. *Id.* at 2. Townsend now appeals Magistrate Judge Greenberg's detention order. ECF Doc. 14.

1

**II.    LAW & ANAYLSIS**

A district court reviews a Magistrate Judge's detention order *de novo*. 18 U.S.C. § 3145; *see also United States v. Mason*, 20-cr-287, 2020 WL 5096306, at *3-4 (N.D. Ohio Aug. 28, 2020) (explaining that a criminal defendant may seek *de novo* review of a magistrate judge's detention order by the district court with original jurisdiction over the action); *accord United States v. Gonzales*, 149 F.3d 1192 (10th Cir. 1998) (affirming a district court's *de novo* review).

In conducting this review, the district court must first determine whether the defendant's charges trigger the presumption in favor of detention. 18 U.S.C. § 3142(e)(3). If the presumption is triggered, the district court must next consider whether the defendant has met the light burden of production by presenting sufficient evidence to rebut the presumption. *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010) ("Although a defendant's burden of production is not heavy, he must introduce at least some evidence." (internal quotation marks omitted)).

If the presumption is rebutted, the district must next decide whether the Government has shown that, if the defendant is released pre-trial, no condition or combination of conditions will reasonably assure either the defendant's appearance as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). To make this decision, the following statutory factors must be weighed: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristic, including his character, family ties, community ties, employment, past record of failure to appear, and probationary status at the time of the offense; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). The Government carries the burden of proof, which requires danger to the community be shown by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Following *de novo* review, the Court concludes that Magistrate Judge Greenberg correctly ordered pre-trial detention for Townsend. A presumption of detention arose because Townsend's charges carry a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substances Act. ECF 6 at 2; *see also Stone*, 608 F.3d at 946-47 ("Thus, the indictment [] satisfies the government's preliminary burden to show probable cause [] and to establish the presumption of detention.").

As to Townsend's attempt to rebut the presumption in favor of detention, Townsend points to a variety of factors, such as his gainful employment in drywall construction, stable housing, significant family ties and community support, and lifelong residence in the area. While these factors would certainly be relevant to a flight risk analysis, they are of limited value when examining danger to the community. This is compounded by the fact that one of the guns recovered in this case was found in his child's bedroom. Further, this gun was unsecured, meaning it could easily be misused. Additional loaded guns and drugs were found littered throughout the home. Moving Townsend to a new residence or requiring ankle or GPS monitoring would not ameliorate these concerns. As such, the Court also agrees with Magistrate Judge Greenberg that Townsend failed to rebut this presumption and is a danger to the community. Application of the Section 3142(g) factors confirms this determination.

First, the nature and circumstances of Townsend's offenses weigh in favor of pre-trial detention. The Government has provided evidence showing that Townsend is likely to be the leader of a large-scale drug trafficking operation. Townsend personally repeatedly sold narcotics, including fentanyl analogues, known to be up to 100 more deadly than fentanyl, and cocaine. *See* ECF 16 at 9. He also possessed numerous firearms, including untraceable "ghost guns" and assault

3

rifles. These weapons not only were kept in Townsend's home, but at least some of them were kept within easy access of his minor child.

Second, the weight of the evidence supports detention. The detention hearing evidence shows Townsend was involved in a long-term drug trafficking scheme, where Townsend sold narcotics to undercover officers and informants five separate times over the course of a year and a half. These controlled buys led officers to search Townsend's home, where they recovered large sums of cash, a money counter, firearms, and more drugs. "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6. Here, the drugs involved are extremely dangerous. And the Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id.* (collecting cases).

Third, Townsend's history and characteristics weigh slightly in favor of pre-trial detention. Townsend has multiple prior criminal adjudications involving firearms and drugs. Additionally, Townsend reported that he has limited financial resources, is paid "under the table," and has a history of substance abuse. This is circumstantial evidence that Townsend has no lawful means of support. Accordingly, his history and characteristics weigh slightly in favor of pre-trial detention.

Finally, Townsend's release would endanger the community. Townsend points to potential conditions or combinations thereof that he is willing to agree to as part of bond, such as ankle or GPS monitoring and substance treatment. However, neither of these will do anything to stop Townsend's drug dealing activities. Nor will moving him to a new residence or taking away his firearms. This factor weighs heavily in favor of detention.

Townsend points to some mitigating factors such as letters of support from family and community members, as well as his coaching Shaker Heights youth football for the past 15 years.

On balance, however, Townsend's arguments are insufficient to overcome the 18 U.S.C. § 3142(g) factors weighing against release. As Magistrate Judge Greenberg articulated,

> I'm concerned with the one person who can't really defend himself. I'm concerned with the one person whose safety represents the safety of the community in my mind. I'm concerned with the young man because I believe they said it was his son in whose bedroom a gun was found. I'm concerned with the haphazard and negligent way guns appear to be strewn across the house.
>
> I'm not happy with the idea . . . that they are laying around a house for a — I'm not talking about a minor as, like, a teenager. From what I understand this is a child. That's the immediate safety concern.
>
> And we can talk about the community. We can talk about all these other issues. But that young person is part of the community. And that is of grave concern to this Court.

ECF Doc. 12 at 31:8-24.

In summary, the Court agrees with Magistrate Judge Greenberg that the Section 3142(g) factors weigh in favor of pre-trial detention. The Government has carried its burden of showing Townsend poses a danger to the community warranting pre-trial detention in this case.

### III. CONCLUSION

Because the Court concludes there are no conditions or combination of conditions that can reasonably ensure Townsend will not pose a danger to the community, Magistrate Greenberg's detention order (ECF 6) is **AFFIRMED**, and Townsend's motion for pre-trial release with bond (ECF 14) is **DENIED**.

IT IS SO ORDERED.

Dated: April 1, 2025

*s/Dan Aaron Polster*
United States District Judge